## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES M. READ,

[address and phone number filed separately pursuant to LCvR 5.1(c)(1)]

*Plaintiff*,

v.

COUNCIL OF THE INSPECTORS GENERAL ON INTEGRITY AND EFFICIENCY ("CIGIE");

CIGIE INTEGRITY COMMITTEE;

JASON MILLER, EXECUTIVE CHAIRPERSON, CIGIE;

MARK L. GREENBLATT, CHAIRPERSON, CIGIE; AND

KIMBERLY HOWELL, CHAIRPERSON, CIGIE INTEGRITY COMMITTEE,

*Defendants*.

1750 H Street NW
Washington, DC 20006

Case: 1:24-cv-01808
Assigned To : Kelly, Timothy J.
Assign. Date : 6/24/2024
Description: Pro Se. Gen Civ. (F-Deck)

CIVIL CASE NO. _____

**COMPLAINT
FOR DECLARATORY,
INJUNCTIVE, AND OTHER RELIEF**

### INTRODUCTION

The Council of the Inspectors General on Integrity and Efficiency ("CIGIE"), as well as CIGIE's Integrity Committee, are in continuing violation of the Federal Advisory Committee Act (FACA) because they were established by statute, they provide advice and recommendations to

1

RECEIVED

JUN 2 4 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

the President and federal agencies that the President and federal agencies utilize, not all of their members are employed by the federal government, and they do not follow FACA-mandated procedures designed to promote transparency and public participation in their activities.   In addition, CIGIE has allowed a private citizen to assume Executive power, and has provided her with information about Plaintiff in violation of the Privacy Act.   This Court should declare CIGIE and CIGIE's Integrity Committee to be in violation of FACA, the Constitution, and the Privacy Act, enjoin them from further unlawful activity, and order additional relief as appropriate.

## JURISDICTION

1.   This Court has jurisdiction pursuant to 5 U.S.C. §§ 552a(g)(1)(D), 702 & 703, and 28 U.S.C. §§ 1331, 1361, and 2201.

2.   This Court is authorized to award the requested declaratory and injunctive relief under 5 U.S.C. §§ 702 and 706, 28 U.S.C. §§ 1361 and 2201-2202, and its equitable powers.

3.   This court is authorized to award damages pursuant to 5 U.S.C. § 552a(g)(4)(A).

## VENUE

4.   Venue is proper within this district pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391. Defendants CIGIE and CIGIE's Integrity Committee are entities in the Executive Branch of the United States government.   In addition, the principal place of business of Defendants CIGIE and CIGIE's Integrity Committee is Washington, D.C.  Defendants Miller, Greenblatt, and Howell are in leadership positions in CIGIE and CIGIE's Integrity Committee, and are sued in their official capacities.

## PARTIES

5.  Plaintiff James M. Read is employed in the Executive branch and reports directly to an Inspector General.  Mr. Read brings this suit in his individual capacity, both as an "interested person" and as someone who has been subject to process, questioning, deliberation, and a report and recommendation by Defendant Integrity Committee, all of which the Integrity Committee has informed Plaintiff is directed at him in his "personal" capacity and not his official capacity.

6.  Defendant CIGIE was established by statute in 2008 as an "independent entity" within the Executive branch.  Pub. L. No. 110-409, 122 Stat. 4302, *codified at* 5 U.S.C. § 424(a)(1).

7.  Defendant Integrity Committee is a six-member committee within CIGIE established by statute.  5 U.S.C. § 424(d).

8.  Defendant Jason Miller is Executive Chairperson of CIGIE, 5 U.S.C. § 424(b)(2)(A), and is sued in his official capacity.

9.  Defendant Mark L. Greenblatt is Chairperson of CIGIE, and is sued in his official capacity.

10. Defendant Kimberly Howell became a member of CIGIE's Integrity Committee during Fiscal Year 2022 and currently serves as Integrity Committee Chairperson.  She is sued in her official capacity.

## STATEMENT OF FACTS

### MEMBERSHIP OF CIGIE and CIGIE's INTEGRITY COMMITTEE

11. CIGIE's membership consists of approximately 34 Presidentially-appointed, Senate-confirmed Inspectors General in Executive branch departments and agencies; approximately 31 Inspectors General appointed by the heads of Executive branch agencies; five Legislative

branch Inspectors General; and five private citizens who serve as Inspectors General of entities that are not part of the federal government. 5 U.S.C. §§ 402, 415, 424(b)(1)(A).

12. CIGIE and its Integrity Committee are not composed wholly of full-time, or permanent part-time, officers or employees of the federal government.

13. One of the members of CIGIE is the Inspector General of the Appalachian Regional Commission (ARC).   The ARC Inspector General was not appointed by anyone in the Executive branch; is not supervised by anyone in the Executive branch; cannot be removed by anyone in the Executive branch; and is not an officer or employee of the federal government. *See* 40 U.S.C. § 14301(f).

14. One of the members of CIGIE is the Inspector General of the Corporation for Public Broadcasting (CPB).   The CPB Inspector General was not appointed by anyone in the Executive branch; is not supervised by anyone in the Executive branch; cannot be removed by anyone in the Executive branch; and is not an officer or employee of the federal government. *See* 47 U.S.C. § 396(b).

15. One of the members of CIGIE is the Inspector General of the Denali Commission.   The Denali Commission Inspector General was not appointed by anyone in the Executive branch; is not supervised by anyone in the Executive branch; cannot be removed by anyone in the Executive branch; and is not an officer or employee of the federal government.   *See* Pub. L. No. 116-20 (*codified* as a note following 42 U.S.C. § 3121), sections 302(b)(2)(B) & 302(f).

16. One of the members of CIGIE is the Inspector General of the Legal Services Corporation (LSC).  The LSC Inspector General was not appointed by anyone in the Executive branch; is not supervised by anyone in the Executive branch; cannot be removed by anyone in the

4

Executive branch; and is not an officer or employee of the federal government.  *See* 42 U.S.C. §§ 2996d(e)(1) & (f).

17. One of the members of CIGIE is the Inspector General of the Smithsonian Institution.  The Smithsonian Inspector General was not appointed by anyone in the Executive branch; is not supervised by anyone in the Executive branch; cannot be removed by anyone in the Executive branch; and is not an officer or employee of the federal government.  *See* 12 Op. O.L.C. 122 (1988); si.edu/ogc/legalhistory (last visited May 7, 2024).

18. On May 9, 2024, Defendants CIGIE and Greenblatt were put on express notice that CIGIE and CIGIE's Integrity Committee were violating FACA.

19. Defendant Howell, the Inspector General of CPB and a private citizen, has been a member of CIGIE's six-person Integrity Committee for over two years.   On or about June 18, 2024, Defendant Howell was designated as Chairperson of CIGIE's Integrity Committee.  *See* https://www.ignet.gov/cigie/committees/integrity-committee (last visited June 22, 2024) (listing Kimberly Howell, Inspector General, CPB, as Chairperson of the Integrity Committee).

**ACTIVITIES OF CIGIE and CIGIE's INTEGRITY COMMITTEE**

20. CIGIE has statutory authority to "develop[] policies, standards, and approaches to aid in the establishment of a well-trained and highly-skilled workforce in the offices of Inspector General."  5 U.S.C. § 424(a)(2)(B).   CIGIE has exercised such authority, and Offices of Inspector General throughout the Executive branch have utilized CIGIE's policies, standards, and approaches.

21. For Inspector General positions subject to appointment by the President, CIGIE has statutory

authority to "submit recommendations of individuals" for appointment as an Inspector General.   5 U.S.C. § 424(c)(1)(F).   CIGIE has made such recommendations, and the President has utilized them.

22. For Inspector General positions not subject to appointment by the President, CIGIE has statutory authority to "submit recommendations of individuals" for appointment as an Inspector General.   5 U.S.C. § 424(c)(1)(F).   CIGIE has made such recommendations, and heads of Executive branch agencies have utilized them.

23. CIGIE's Integrity Committee has statutory authority to investigate alleged wrongdoing by an Inspector General appointed by the President and to recommend that the President discipline an Inspector General based on the results of the investigation.   5 U.S.C. §§ 424(d)(2)(B), (d) (5)(B), (d)(6), (d)(7)(E), (d)(8).   CIGIE's Integrity Committee has conducted such investigations and has made such recommendations, and the President has utilized such recommendations.

24. CIGIE's Integrity Committee has statutory authority to investigate alleged wrongdoing by an Inspector General appointed by an agency head and to recommend that the agency head discipline an Inspector General based on the results of the investigation.   5 U.S.C. §§ 424(d) (2)(B), (d)(5)(B), (d)(6), (d)(7)(E), (d)(8).   CIGIE's Integrity Committee has conducted such investigations and has made such recommendations, and agency heads have utilized such recommendations.

25. CIGIE's Integrity Committee has statutory authority to investigate alleged wrongdoing by an employee who reports directly to an Inspector General or who serves in a position designated by an Inspector General as subject to the authority of CIGIE's Integrity Committee, and to

recommend that an Inspector General impose discipline for such individual's wrongdoing based on the results of the investigation.  5 U.S.C. §§ 424(d)(2)(B), (d)(5)(B), (d)(6), (d)(7) (E), (d)(8).  CIGIE's Integrity Committee has made such recommendations, and Inspectors General have utilized them.

26. CIGIE has statutory authority to "develop best practices" for handling whistleblower disclosures, allegations of reprisal, and implementation and administration of whistleblower protection laws.  5 U.S.C. § 424(c)(5)(B).  CIGIE has developed and published such best practices, and federal agencies have relied on them.

27. CIGIE provides "views and recommendations to . . . the Office of Management & Budget [OMB] on issues and legislation that broadly affect the I[nspector] G[eneral] community." *See* https://www.ignet.gov/content/legislation-0 (last visited June 20, 2024).  On information and belief, OMB has utilized such views and recommendations.

28. CIGIE provides advice to Offices of Inspector General concerning the conduct of criminal investigations, criminal investigation personnel, and establishing criminal investigation guidelines.  *See* https://www.ignet.gov/content/investigations-0 (last visited June 20, 2024). On information and belief, Offices of Inspectors General have utilized such views and recommendations..

29. CIGIE's Integrity Committee has recommended that the head of an agency institute certain "corrective actions" concerning administration of the Civil Monetary Penalty program.  *See* https://www.washingtonpost.com/documents/7bd1d388-a18e-4ee1-a62b-9e94f14db396.pdf? itid=lk_inline_manual_2 (last visited June 20, 2024).  On information and belief, the agency head has utilized such recommendations.

30. In the course of its deliberations, CIGIE Integrity Committee members access non-public information, including personally-identifiable information about individuals residing in systems of records.

31. CIGIE Integrity Committee members have accessed personally-identifiable information about Plaintiff residing in systems of records.

32. On May 13, 2024, Defendants CIGIE and Greenblatt were put on express notice that CIGIE was in violation of the Privacy Act by furnishing information about individuals from systems of records to a private-citizen member of the Integrity Committee, the Inspector General of CPB.

## CIGIE's FUNDING

33. Defendant Miller, in his capacity as Executive Chairperson of CIGIE, may authorize interagency funding for the functions of CIGIE's Integrity Committee, CIGIE-sponsored training, and "any other purpose determined by [CIGIE]." 5 U.S.C. § 424(c)(3)(A).

34. On a periodic basis, CIGIE's members meet and deliberate on CIGIE's funding level for the following fiscal year.

35. At such meetings, CIGIE's members vote on and adopt a recommended percentage of each member office's annual appropriation to be allocated to CIGIE.

36. Offices of Inspectors General utilize such recommendations by including in their respective annual budget requests CIGIE's recommended percentage of their Office's appropriation to be allocated to CIGIE.

37. On a periodic basis, funds appropriated to Offices of Inspectors General are transferred to CIGIE to fund the functions of CIGIE's Integrity Committee and other CIGIE functions.

### ACTIVITIES OF CIGIE AND CIGIE'S INTEGRITY COMMITTEE
### THAT HAVE AFFECTED OR DIRECTLY INVOLVED PLAINTIFF

38. In 2018, CIGIE adopted rules for CIGIE's Integrity Committee, entitled *Integrity Committee Policy & Procedures*.   On information and belief, the *Integrity Committee Policy & Procedures* were adopted following deliberations and voting by CIGIE's membership.

39. In 2021, after deliberation, CIGIE voted to adopt Addendum A to the *Integrity Committee Policy & Procedures*, which describes in detail the Integrity Committee's supposed authority to obtain records and information as part of an Integrity Committee administrative investigation.

40. On or about June 16, 2021, an investigator working on behalf of CIGIE's Integrity Committee informed Plaintiff that Plaintiff's actions would be scrutinized as part of an administrative investigation styled IC 20-059.

41. Investigators in IC 20-059 subjected Plaintiff to two lengthy recorded interviews totaling approximately nine hours, during which time they questioned Plaintiff about actions he took and decisions he made.   Investigators in IC 20-059 also obtained extensive records documenting Plaintiff's actions, decisions, and protected whistleblowing disclosures to Congress that included disclosures of wrongdoing by CIGIE leadership.   These records also contained personally-identifiable information about Plaintiff.

42. On or about June 30, 2021, CIGIE's Integrity Committee demanded that Plaintiff respond to allegations the he had committed wrongdoing, and informed him that in order to avoid an administrative investigation he was required to refute the allegations such that a reasonable person would conclude that a full investigation was not warranted.   The matter was styled IC 21-036.

43. Plaintiff responded to the allegations and CIGIE's Integrity Committee later closed IC 21-036 without an investigation.

44. On or about May 6, 2022, CIGIE's Integrity Committee demanded that Plaintiff respond to allegations the he had committed wrongdoing, and informed him that in order to avoid an administrative investigation he was required to refute the allegations such that a reasonable person would conclude that a full investigation was not warranted.  The matter was styled IC 22-024.

45. Plaintiff responded to the allegations and CIGIE's Integrity Committee later closed IC 22-024 without an investigation.

46. On or about April 3, 2023, CIGIE's Integrity Committee demanded that Plaintiff respond to allegations the he had committed wrongdoing, and informed him that in order to avoid an administrative investigation he was required to refute the allegations such that a reasonable person would conclude that a full investigation was not warranted.  The matter was styled IC 22-046 & 22-069.

47. Plaintiff responded to the allegations.

48. The semi-annual report of CIGIE's Integrity Committee for the period ending September 30, 2023 states that a draft report in IC 20-059 was being prepared.

49. The semi-annual report of CIGIE's Integrity Committee for the period ending September 30, 2023 states that the Integrity Committee had decided to consolidate IC 22-046 with IC 23-057.

50. On February 23, 2024, CIGIE's Integrity Committee notified Plaintiff's representative in IC 22-046 & 22-069 that the Integrity Committee had "voted to refer those matters to the appointing authority."

51. In IC 21-036, IC 22-024, and IC 22-046 & 22-069, the Integrity Committee informed Plaintiff that it was examining alleged wrongdoing by Plaintiff in Plaintiff's "personal capacity."   On information and belief, in IC 20-059 the Integrity Committee has examined and is examining Plaintiff's actions and decisions in his "personal capacity."

**CIGIE AND CIGIE'S INTEGRITY COMMITTEE DO NOT FOLLOW PROCEDURES MANDATED BY THE FEDERAL ADVISORY COMMITTEE ACT (FACA) THAT ARE DESIGNED TO PROMOTE TRANSPARENCY AND PUBLIC PARTICIPATION**

52. An advisory committee subject to FACA is required to open its meetings to the public. 5 U.S.C. § 1009(a)(1).   CIGIE and CIGIE's Integrity Committee do not open their meetings to the public.

53. An advisory committee subject to FACA is required to publish advance notice of its meetings in the Federal Register.  5 U.S.C. § 1009(a)(2).   CIGIE and CIGIE's Integrity Committee do not publish advance notice of their meetings in the Federal Register.

54. An advisory committee subject to FACA must allow "interested persons" to attend its meetings, appear before it, and file statements with it.   5 U.S.C. § 1009(a)(3).   CIGIE and CIGIE's Integrity Committee do not allow interested persons to attend meetings, appear before them, or file statements with them.

55. An advisory committee subject to FACA must open its records for public inspection and copying.  5 U.S.C. § 1006(c).   CIGIE and CIGIE's Integrity Committee do not open their records for public inspection and copying.

56. An advisory committee subject to FACA must undergo an annual review by the General Services Administration (GSA) for a determination of whether the committee is carrying out its purpose, whether the committee's responsibilities should be changed, whether the committee should be merged with other committees, and whether the committee should be abolished. 5 U.S.C. § 1006(c). On information and belief, GSA has never conducted such a review of CIGIE and CIGIE's Integrity Committee.

## PLAINTIFF'S INJURIES

57. Plaintiff's actions and decisions have been subject to inquiry, questioning, investigation, deliberations on referral to Plaintiff's appointing authority, and other processes by CIGIE's Integrity Committee, in IC 20-059, IC 21-036, IC 22-024, and IC 22-046 & 22-069. All of the aforementioned activities were supported by funds transferred to CIGIE in accordance with recommendations by CIGIE to Offices of Inspectors General of the percentage of each Office's appropriation to be allocated to CIGIE. Such funding recommendations were formulated and adopted in violation of FACA.

58. Plaintiff believes that Inspectors General are a cornerstone of good government, and that the Inspector General corps must operate in accordance with the foundational principals of objectivity, competence, and non-partisanship. Plaintiff is therefore an "interested person" within the meaning of FACA, 5 U.S.C. § 1009(a)(3), who has been deprived of his statutory right to attend meetings of, appear before, and file statements with CIGIE as it develops best practices, standards and approaches for Offices of Inspectors General; recommends legislation to OMB concerning Offices of Inspectors General; and recommends candidates for appointment as an Inspector General. Plaintiff has also been deprived of his statutory

right to inspect and copy CIGIE's records of the aforementioned activities.   5 U.S.C. § 1009(b).

59. Plaintiff believes that whistleblowers play a critical role in detecting and preventing waste, fraud, and abuse by government officials.  Plaintiff is therefore an "interested person" within the meaning of FACA, 5 U.S.C. § 1009(a)(3), who has been deprived of his statutory right to attend meetings of, appear before, and file statements with CIGIE as it formulates best practices for handling whistleblower disclosures, allegations of reprisal, and implementation and administration of whistleblower protection laws.  Plaintiff has also been deprived of his statutory right to inspect and copy CIGIE's records of the aforementioned activities. 5 U.S.C. § 1009(b).

60. Plaintiff believes that the process for evaluating allegations of wrongdoing by an Inspector General or senior officials in an Office of Inspector General, for investigating such allegations, for weighing and reporting on evidence gathered in such investigations, and for recommending discipline based on the results of such investigations, should be carried out in a way that ensures procedural fairness, objectivity, freedom from partisan political considerations, and accuracy in any findings made.   Plaintiff is therefore an "interested person" within the meaning of FACA, 5 U.S.C. § 1009(a)(3), who has been deprived of his statutory right to attend meetings of, appear before, and file statements with CIGIE's Integrity Committee as it conducts the aforementioned activities.   Plaintiff has also been deprived of his statutory right to inspect and copy CIGIE's records of the aforementioned activities. 5 U.S.C. § 1009(b).

61. In IC 22-024, Plaintiff was an "interested person" because his conduct was at issue, yet Plaintiff was deprived of his statutory right to attend meetings of and appear before CIGIE's Integrity Committee as it deliberated.  5 U.S.C. § 1009(a)(3).  Plaintiff is currently being deprived of his statutory right to inspect and copy CIGIE Integrity Committee records concerning IC 22-024.

62. In IC 22-046 & 22-069, Plaintiff was an "interested person" because his conduct was at issue, yet Plaintiff was deprived of his statutory right to attend meetings of and appear before CIGIE's Integrity Committee as it deliberated and ultimately voted to refer the matter to the appointing authority with a recommendation for discipline.  5 U.S.C. § 1009(a)(3).  Plaintiff is currently being deprived of his statutory right to inspect and copy CIGIE Integrity Committee records concerning IC 22-046 & 22-069. Plaintiff is also being deprived of his right to have other members of the public provide input in Plaintiff's support during the Integrity Committee's deliberations in IC 22-046 & 22-069.

63. Plaintiff was deprived of his statutory right to attend meetings of and appear before CIGIE's Integrity Committee as it deliberated and ultimately voted to consolidate IC 22-046 (which directly concerns Plaintiff) with IC 23-057.  5 U.S.C. § 1009(a)(3).  Plaintiff is currently being deprived of his statutory right to inspect and copy CIGIE Integrity Committee records concerning the  consolidation of IC 22-046 and IC 23-057.

64. In adopting the *Integrity Committee Policies & Procedures*, as well as Addendum A thereto, CIGIE did not follow FACA-mandated procedures that promote transparency and that allow for public input.   Plaintiff has been injured because the *Integrity Committee Policies &*

*Procedures* and Addendum A thereto were employed in IC 20-059, where Plaintiff's conduct is being scrutinized.

65. By statute, the only persons subject to the Integrity Committee's authority are Inspectors General and certain senior officials in Offices of Inspectors General.  5 U.S.C. § 424(d)(1). The *Integrity Committee Policies & Procedures*, which were adopted in violation of FACA, at section 2 purport to expand the Integrity Committee's investigative authority to individuals who are "no longer in government service when the [Integrity Committee] receives the allegation."  The Integrity Committee has exercised, and is currently exercising, this expanded authority.  Plaintiff should be able to leave government service without facing the prospect of being subjected to an extra-statutory administrative investigation stemming from allegations filed with the Integrity Committee after he leaves government service.

66. On information and belief, Plaintiff's conduct is described and evaluated in the report being drafted (or that has been drafted) in IC 20-059, yet Plaintiff has been deprived of his right to review records supporting the report and to file a statement with CIGIE's Integrity Committee.  Plaintiff is also being deprived of his right to have other members of the public provide input in Plaintiff's support during the Integrity Committee's deliberations in IC 20-059.

67. In IC 20-059 and IC 22-046 & 22-069, matters in which Plaintiff's conduct is at issue, Plaintiff has been and is being subjected to an unconstitutional assertion of Executive branch power by the Inspector General of CPB, a private citizen who has sat on the Integrity Committee and participated in its deliberations since Fiscal Year 2022 and who, as the

Integrity Committee's current Chairman, has authority to finalize and transmit a report of investigation and recommendation that Plaintiff be disciplined.

68. Defendants CIGIE and Greenblatt allowed Plaintiff's personally-identifiable information maintained in a system of records and retrievable by an identifier corresponding to Plaintiff to be shared with a private citizen, the Inspector General of CPB.

## CLAIMS FOR RELIEF

### Claim One (FACA/APA)

69. Plaintiff realleges and incorporates by reference the allegations contained in all of the preceding paragraphs.

70. By meeting and deliberating without complying with FACA, and then providing advice and recommendations to the President and officers and agencies of the federal government that are utilized by the President and officers and agencies of the federal government, Defendant CIGIE is violating FACA, and is acting in a manner that is arbitrary, capricious, contrary to law, and without observance of procedure required by law, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(A), (D).

### Claim Two (FACA/APA)

71. By engaging in a pattern and practice of violating FACA, CIGIE has acted, and is acting, in a manner that is arbitrary, capricious, contrary to law, and without observance of procedure required by law, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(A), (D).

## Claim Three (FACA/APA)

72. Plaintiff realleges and incorporates by reference the allegations contained in all of the preceding paragraphs.

73. By meeting and deliberating without complying with FACA, and then providing advice and recommendations to the President and officers and agencies of the federal government that are utilized by the President and officers and agencies of the federal government, Defendant CIGIE Integrity Committee is violating FACA, and is acting in a manner that is arbitrary, capricious, contrary to law, and without observance of procedure required by law, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(A), (D).

## Claim Four (FACA/APA)

74. By engaging in a pattern and practice of violating FACA, CIGIE's Integrity Committee has acted, and is acting, in a manner that is arbitrary, capricious, contrary to law, and without observance of procedure required by law, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(A), (D).

## Claim Five (Unconstitutional Assumption of Executive Power by a Private Citizen)

75. Plaintiff realleges and incorporates by reference the allegations contained in all of the preceding paragraphs.

76. "The nondelegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of Government." *Mistretta v. United States*, 488 U.S. 361, 371 (1989).

77. Whether investigatory authority is deemed to be an executive or legislative function, it cannot be delegated to a private entity. *Cf. Ass'n of Am. R.R. v. U.S. Dep't of Transp.*,

721 F.3d 666, 670 (D.C. Cir. 2013) ("lawmakers cannot delegate regulatory authority to a private entity").

78. The Constitution permits an individual to wield the power of the Executive Branch only if the individual has been appointed in the Executive Branch and is supervised as part of a clear chain of command that leads to the President. *United States v. Arthrex, Inc.*, 141 S. Ct. 1970, 1979 (2021).

79. Defendant Howell has never been appointed in the Executive Branch.

80. No one in the Executive Branch supervises Defendant Howell.

81. As a member of CIGIE's Integrity Committee, Defendant Howell unconstitutionally assumes executive power by deliberating and voting on reports and recommendations concerning the conduct of Inspectors General and senior officials in Offices of Inspector General, and by accessing non-public information, including personally-identifiable information about individuals collected by the Executive Branch.

82. As Chairperson of CIGIE's Integrity Committee, Defendant Howell unconstitutionally assumes executive power by presiding over Integrity Committee meetings; supervising Executive Branch employees on the staff of the Integrity Committee; deciding whether to initiate investigations carried out by Executive branch employees; supervising investigations carried out by Executive branch employees; obligating or approving the obligation of appropriated funds for investigations and other Integrity Committee activities; and approving and transmitting reports and recommendations to the President and Executive branch officers and agencies.

83. This violation of constitutional power is actionable and remediable under the Administrative

18

Procedure Act, 5 U.S.C. § 706(2)(B).

## Claim Six (Privacy Act)

84. Plaintiff realleges and incorporates by reference the allegations contained in all of the preceding paragraphs.

85. The Privacy Act prohibits disclosure, to any person or to another agency, of any record pertaining to an individual from any system of records that is retrievable by a personal identifier, unless the individual consents or the disclosure is permitted under at least one of 12 statutory exceptions. 5 U.S.C. § 552a(b).

86. Plaintiff did not consent to disclosure of records pertaining to him to the Inspector General of CPB, who is a private citizen.

87. Disclosure of records pertaining to Plaintiff to the Inspector General of CPB is not permitted by 5 U.S.C. § 552a(b)(1) because the Inspector General of CPB was never appointed as an officer or employee of an agency within the meaning of that provision.

88. Disclosure of records pertaining to Plaintiff to the Inspector General of CPB cannot be justified as a routine use under CIGIE's System of Records Notice (SORN) because a SORN cannot properly authorize release of information to a private citizen under the guise of release to another agency.

89. Defendants CIGIE, CIGIE Integrity Committee, and Greenblatt have therefore violated the Privacy Act by permitting the Inspector General of CPB to access information about Plaintiff from a system of records.

90. Such violation was intentional or willful because after being put on notice that allowing the Inspector General of CPB to access information about individuals from a system of records

violated the Privacy Act, on information and belief Defendant Howell was provided access, and did access, information about Plaintiff from a system of records.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

(1) Declare that CIGIE violated FACA each time it deliberated upon and recommended to Offices of Inspectors General the percentage of such Offices' annual appropriation to be allocated and transferred to CIGIE;

(2) Declare that CIGIE's Integrity Committee violated FACA with respect to IC 20-059, IC 22-024, and IC 22-046, 22-069, & 23-057;

(3) Declare that CIGIE's Integrity Committee is engaged in a pattern and practice of violating FACA;

(4) Declare that CIGIE violated FACA with respect to the adoption of the *Integrity Committee Policies & Procedures* and Addendum A;

(5) Declare that CIGIE is engaged in a pattern and practice of violating FACA;

(6) Set aside and declare unlawful any transfer of funds from an Office of Inspector General to CIGIE made in accordance with CIGIE's recommended allocation;

(7) Set aside and declare unlawful the *Integrity Committee Policies & Procedures* and Addendum A thereto; any investigation conducted according to the *Integrity Committee Policies & Procedures* and Addendum A thereto; and any report or

20

recommendation resulting from such investigation prepared for or approved by CIGIE's Integrity Committee;

(8) Set aside and declare unlawful any other report, advice, recommendation, best practice, proposal, or other matter that was formulated or approved by CIGIE or CIGIE's Integrity Committee in violation of FACA;

(9) Enjoin Defendant Miller from authorizing the transfer of appropriated funds from any Office of Inspector General that such Office requested be allocated to CIGIE based on CIGIE's recommended funding level;

(10) Enjoin Defendant Miller from presiding over any meeting of CIGIE that would be held in violation of FACA's transparency and public participation procedures;

(11) Enjoin CIGIE and its Integrity Committee from engaging in any activities supported by appropriated funds transferred to CIGIE from any Office of Inspector General based on CIGIE's recommended percentage of such Office's appropriation to be transferred;

(12) Enjoin CIGIE and its Integrity Committee from engaging in any deliberations or discussions concerning, or formulation or drafting of, any report, advice, recommendation, best practice, proposal, or other matter without the transparency and opportunity for public participation mandated by FACA;

(13) Order CIGIE and its Integrity Committee to make their records available to the public;

(14) Enjoin Defendant Howell from exercising any power of the Executive branch;

(15) Award Plaintiff damages sustained for Defendants' violation of the Privacy Act; and

(16) Grant Plaintiff such other and further relief as this Court may deem just and proper.

June 24, 2024                                     Respectfully submitted,

                                                 _____

                                                 JAMES M. READ